## MATSON *v.* MATSON ET AL.

[No. 9,278.    Filed April 5, 1916.]

APPEAL.—*Supersedeas.*—*Authority to Grant.*—Where objections to the probate of a will were filed in the office of the circuit clerk, but no notice issued thereon, and the will was later probated in the superior court, followed by the immediate filing of amended objections and notice in the circuit court, as well as a petition in the superior court to set aside the probate, and the probate was thereafter set aside in the superior court, from which judgment the proponent of the will appealed, the court having jurisdiction of such appeal was without authority to grant a writ of *supersedeas* to stay the prosecution in the circuit court of the action in resistance to the will on the ground that such action is being prosecuted without bond as required by statute where objections are made after probate, and that if the action is permitted to go to trial the questions raised by the pending appeal would become moot, since the authority to grant a writ of *supersedeas* is purely statutory and ordinarily can be granted only to stay execution or proceedings in the trial court in the particular case from which the appeal is taken.

From St. Joseph Superior Court; *George Ford*, Judge.

Proceedings in the matter of resisting the probate of the last will of Lavina Almack, deceased. From a judgment setting aside the probate, Harley F. Matson appeals and makes application for a writ of *supersedeas*. *Application denied.*

*Isaac Kane Parks* and *McInernys, Yeagley & McVicker*, for appellant.

*Hamilton & Curtis* and *Van Fleet, Hubbel and Dinnen*, for appellees.

HOTTEL, J.—A second application for a writ of *supersedeas* in this case is presented by appellant. The facts shown in the petition on which such application is based and by the record are in substance, as follows: On March 1, 1915, Lavina Almack died testate in St. Joseph County, Indiana. On March 2, 1915, the appellee Frank Matson filed in the office of the clerk of the St. Joseph Circuit Court objections to the probate of the will, but caused no notice to issue on the objections. On March 5, 1915, and before any notice had been issued on the objections the will of the decedent was probated by the superior court of St. Joseph county. After the probating of such will by the superior court, towit, on March 6, 1915, the other appellees, joining with Frank Matson, filed in the circuit court of the county amended objections to the probate of the will and caused notice to issue thereon, and immediately thereafter filed their petition in the superior court to set aside the probate of the will in that court. There was a trial of the issue presented by such petition and the answers thereto, resulting in a finding and judgment in such superior court setting

aside the probate of the will by such court and from that judgment, this appeal is prosecuted by appellant.

The principal question presented by such appeal, as stated by appellant in his petition herein, is whether appellees had such an action pending in the circuit court at the time of the probating of the will by the superior court as would oust the jurisdiction of the latter court and hence prevent the probating of the will by such court. Appellant's petition further avers that appellees have never filed any bond with the clerk of the circuit court of St. Joseph county in the action to resist the probate of the will pending in that court, and that they are now seeking and threatening to prosecute the action under and upon the statute providing for the filing of objections to the probating of a will before the same is probated; that appellees have now demanded a jury trial of such cause, and the cause has been set for trial; that appellees will be permitted to prosecute the cause in the circuit court and contest the will without bond, as required by statute where the objections to the probate are made after the will has been probated; that if appellees are allowed to proceed with the trial of their objections to the will in the circuit court, appellant's appeal herein will raise only a moot question and be of no avail, and hence will be defeated by the trial in such circuit court; that appellant has a meritorious appeal and, if the judgment herein shall be reversed by this court, the effect thereof will be to prevent appellees from trying their cause in the circuit court without giving bond as required by §3155 Burns 1914. §2597 R. S. 1881. A writ of *supersedeas* staying proceedings in the circuit court is prayed.

The authority on which the appellate tribunal may grant a writ of *supersedeas* is statutory. §§682, 687, 689 Burns 1914, §§641, 645, 648 R. S. 1881. Such writ can be granted ordinarily only for the purpose of staying execution or proceedings in the trial court in the particular case from which the appeal is taken. The appeal from the judgment of the *superior* court of the county alone can not give this court any jurisdiction over the *circuit* court of such county, or over any proceedings therein, and hence any writ of *supersedeas* issued by this court to the latter court on the petition under consideration would be without authority and void, and hence could not be enforced. We do not mean to be understood as saying that the appellate tribunal, upon application and showing properly made therein, has not the inherent authority to stay proceedings in any case where such stay is a necessary incident to the exercise of the jurisdiction of such appellate tribunal or necessary to protect or give effect to its orders or judgment, but the petition herein filed presents no such question.

We do not deem it necessary or proper to enter into any discussion of the effect of a judgment in the circuit court in the action there pending on the question presented by this appeal in case appellees insist upon, and the trial court permits, such case to proceed to trial and judgment before the disposition of the appeal in this case, further than to say it would seem that a way is open to appellant to properly save and present any such question or any question arising out of any act or proceeding in such circuit court which may be prejudicial or harmful to him.

For the reasons indicated, the prayer of the petition is denied.